# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| JENNIFER K. ABBOTT-POPE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 4:14CV702 |
| v. | § | |
| | § | |
| TEXAS RECOVERY BUREAU, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION, ORDER, AND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court are Defendants' motions to dismiss: Beck & Masten Pontiac-GMC, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. 116), Defendants Santander Consumer USA, Inc., Santander Consumer Holding USA, Inc., and Santander Holding USA, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 118)[1], HSBC's Motion to Dismiss Plaintiff's Second Amended Complaint and Memorandum of Law in Support (Dkt. 119), and PRA Receivables Management, LLC and Portfolio Recovery Associates, LLC's Motion to Dismiss (Dkt. 129). For the reasons set forth below, the Court finds that the motions should be GRANTED.

### BACKGROUND

Jennifer K. Abbott-Pope ("Plaintiff") filed suit on October 27, 2014, in the Northern District of Texas. Dkt. 3. The case was transferred from the Northern District to the Eastern District of Texas on November 5, 2011. Dkt. 9. Plaintiff filed a First Amended Complaint (Dkt. 38) on January 30, 2015, and a Second Amended Complaint (Dkt. 58) on March 10, 2015. The

---

[1] Dkt. 118 withdraws Dkts. 102 and 103, collectively joining all Santander related motions into a single motion. Dkts. 102 and 103 should be **DENIED** as **MOOT**.

1

Second Amended Complaint, the active pleading, alleges claims against Beck & Masten Pontiac-GMC. Inc. ("Beck and Masten"); HSBC Finance Corporation and HSBC Auto Finance, Inc. (collectively, "HSBC"); PRA Receivables Management, LLC as agent of Portfolio Recovery Associates, LLC and Portfolio Recovery Associates (collectively, "PRA Defendants"); Santander Consumer USA, Inc., Santander Holding USA, Inc., and Santander Consumer USA Holding, Inc. (collectively, "Santander"); and Texas Recovery Bureau, Inc. Dkt. 58. Plaintiff alleged a variety of claims related to the purchase of a Pontiac GMC from Beck and Masten, particularly issues related to the financing of this vehicle and transfer of the contract to receive payments on the vehicle.

Beck and Masten filed its motion to dismiss on June 3, 2015 (Dkt. 116), Plaintiff responded on June 22, 2015 (Dkt. 132), and Beck and Masten replied on June 24, 2105 (Dkt. 131). Santander filed its motion to dismiss on June 8, 2015 (Dkt. 118), Plaintiff responded on June 26, 2015 (Dkt. 134), and Santander filed a reply on July 2, 2015 (Dkt 137). HSBC filed its motion to dismiss on June 11, 2015 (Dkt. 119), and Plaintiff responded on June 30, 2015 (Dkt. 136). PRA filed its motion to dismiss on June 19, 2015 (Dkt. 129), and Plaintiff did not file a response.

## LEGAL STANDARD

Defendants seek dismissal of Plaintiff's claims for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). The court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969, 167 L.Ed.2d

929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id.* at 563 n. 8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Id.* at 555, 557 n. 5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotations omitted).

## ANALYSIS

*Beck and Masten*

Defendant Beck and Masten asks the Court to dismiss all RICO claims (Racketeering Influenced and Corrupt Practices Act, 18 U.S.C. §§ 1961-1968) against it, noting that the statute of limitations on a RICO claim is four years. *See Agency Holding Corporation v. Malley-Duff & Associates, Inc.*, 167 S.Ct. 2759, 2769 (1987). Beck and Masten lay out a timeline of events relevant to this issue as described by Plaintiff in her Second Amended Complaint:

> "Beck & Masten misrepresented its company as a creditor for Plaintiff's Pontiac by Al Thompson telling Plaintiff that Beck & Masten was going to inquire into Plaintiff's credit history for the purpose of in-house GMAC auto financing for her Pontiac and gave Plaintiff a Credit Application to complete… Plaintiff believed she was getting in-house auto financing based on the statement Al Thompson made… On the contrary, Beck and Masten's employees' intent was to secure Plaintiff's signature for the benefit of HSBC Auto under an alleged assignment and thus gave no consideration of value being detrimental to Beck and Masten." Dkt. 58 at page 14, paragraphs 28-29.
>
> "Plaintiff arrived at Beck & Masten's West Houston location at approximately 10am on June 4, 2008 and left with the Pontiac along with her copy of the signed Contract at approximately 6pm the same day." Dkt. 58 at page 14, paragraph 29.
>
> "Beck & Masten fixed purpose was to 1) conceal its misrepresentation as a creditor by telling Plaintiff that GMAC auto financing was established through Plaintiff's signature on the Contract 2) not tell Plaintiff of the intent to make one of the HBSC subsidiaries a third part to the Contract…" Dkt. 58 at page 14, paragraph 30.
>
> "When Plaintiff contacted Al Thompson regarding a letter received from HSBC Auto in June 2008 regarding an alleged assignment, she was referred to contact HSBC Auto with account inquiries. Plaintiff asked Al Thompson why an alleged assignment was made if she already had GMAC Financing and she was told that assignments were a routine part of the business and that Beck and Masten has the right to sell a Contract at any point according to the language of the Contract 'This contract may be transferred by the Seller.'" Dkt. 58 at page 15, paragraph 33.
>
> "Plaintiff remitted payments to HSBC Finance and HSBC Auto between July 2008 and February 2010 upon receipt of a mailed fraudulent letter from HSBC Auto to Plaintiff's address… in June 2008 stating that HSBC Auto was the assignee under the Contract and that payments should be made directly to HSBC Auto." Dkt. 58 at pages 23-24, paragraph 6.

The Court finds that, according to Plaintiff, she was aware as of June 2008 that Beck and Masten notified her that the contract she had signed allowed for the transfer of her contract and that Beck and Masten directed her to HSBC. Plaintiff further admits to having received a letter from HSBC notifying her that HSBC was the assignee of her contract in 2008 and then made payments to HSBC between July of 2008 and February of 2010.

Plaintiff's allegations relate to the idea that she believed she was signing up for one type of financing but was instead given another and that her contract was assigned without her knowledge or consent to HSBC. Regardless of Plaintiff's other allegations regarding Beck and Masten's alleged behavior or concealment, Plaintiff admits to having been aware of the facts relevant to the basis of her RICO claims in June 2008. Plaintiff's RICO claims against Beck and Masten, therefore, accrued in 2008 and the statute of limitations ran in 2012, well before Plaintiff filed her case in October of 2014. The Court dismisses all RICO claims against Defendant Beck and Masten.

Beck and Masten also asks that the Court dismiss Plaintiff's claim for common law fraud. The statute of limitations for Plaintiff's fraud claims is, like the RICO claims, four years. TEX. CIV. PRAC. & REM. CODE ANN. §16.004(a)(4). Plaintiff's fraud claim against Beck and Masten relates to the same set of facts as previously discussed – an allegation that "Beck & Masten made a material representation to Plaintiff as a creditor offering in-house finance for Plaintiff's Pontiac…Beck and Masten never gave in-house financing to Plaintiff…." Dkt. 58 at page 63, paragraph 11. Plaintiff, again, was aware of the facts underlying her claim as of June 2008 and yet did not file suit until 2014. The Court finds that Plaintiff's fraud claim is barred by the statute of limitations, and therefore, all of Plaintiff's claims against Beck and Masten are dismissed.

*HSBC*

HSBC asks that the Court dismiss all RICO claims asserted against it because the claims are barred by the four-year statute of limitations. As with the claims against Beck and Masten, Plaintiff's allegations relate to the assignment of her vehicle contract to HSBC. HSBC notes that Plaintiff admits she received a letter from HSBC Auto in June of 2008 and was then aware of her

alleged "legal injury." HSBC makes the additional point that, though Plaintiff may argue for tolling, pursuant to the "discovery rule," Plaintiff's causes of action are only deferred until she acquires knowledge of the fact giving rise to the claims, not until she had sufficient facts to prove the allegations. *See Kansa Reinsurance Co. v. Congressional Mortg. Corp.*, 20 F.3d 1362, 1370 (5th Cir. 1994). HSBC also explains that the continuing tort doctrine does not apply because, at the latest, her claim accrued when she received correspondence from HSBC requesting payment – February 2010 (Dkt. 58 at page 24), which would mean that the statute of limitations would still have run prior to Plaintiff's filing of suit. Nor can Plaintiff avoid the statute of limitations by the fraudulent concealment doctrine. There are simply no facts alleged which would allow this defensive argument. No tolling arguments apply, and Plaintiff's RICO claims against it are barred by the statute of limitations and dismissed.

HSBC similarly requests dismissal of Plaintiff's claims of fraud and negligent misrepresentation regarding the same set of facts. As previously discussed, the statute of limitations for fraud is four years. The statute of limitations for negligent misrepresentation is two years. TEX. CIV. PRAC. & REM. CODE ANN. §16.003(a). The Court finds that these claims are, as with Beck and Masten, barred by the statute of limitations and therefore all claims against HSBC are dismissed.

*Santander*

Santander asks the Court to dismiss all claims asserted against it. Santander notes, in particular, sections of Plaintiff's complaint related to allegations against Santander:

> "In March 2010, Santander mailed a fraudulent letter to Plaintiff address… stating that Santander had acquired Plaintiff's alleged debt to HSBC Auto and that payments for Plaintiff's Pontiac should be made payable to Santander effective March 2010." Dkt. 58 at page 24, paragraph 8.

> "Plaintiff began remitting payments directly to Santander upon receipt of the letter from Santander and made payments directly to Santander between March 2010 and May 2011 via USPS and electronic wire transfer." Dkt. 58 at page 24, paragraph 10.
>
> "Santander was indicated in Plaintiff's Chap 13 as a 'secured creditor' to be paid under the Chap 13 Plan by the Trustee and received payments under Plaintiff's alleged debt to Santander from December 2011-August 2013." Dkt. 58 at page 24, paragraph 11.

Plaintiff's claims against Santander relate to a contention that Santander misrepresented itself as an assignee of the vehicle contract; however, as described in her pleadings, Plaintiff identified Santander as a secured creditor before the United States Bankruptcy Court. Although Plaintiff indicates in her pleadings that she attached her Chapter 13 documents, Plaintiff failed to do so. Santander attached Plaintiff's Schedule D's of her Chapter 13 bankruptcies, wherein Plaintiff does in fact identify Santander as a secured creditor. The bankruptcy court subsequently approved and confirmed the respective plans on December 20, 2011, and January 22, 2013. Dkt. 118, Exhibits A, B.

Santander argues that Plaintiff should be estopped from arguing a position inconsistent with her representations to the bankruptcy court. "In determining whether to apply judicial estoppel, we primarily look for the presence of the following criteria: '(1) the party whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently.'" *Love v. Tyson Foods, Inc.* 677 F.3d 258, 261 (5th Cir. 2012) (citation omitted). Here, Plaintiff asserts the position that Santander is not an assignee of her vehicle contract, stating that Santander "began acts of extortion in March 2010 by way of commissioning a fraudulent letter to be mailed to coerce Plaintiff by: negligent misrepresentation as a third party beneficiary under Plaintiff's Contract; fraudulent concealment of the fact that Santander Holding nor any of its

7

subsidiaries financed Plaintiff's Pontiac, nor had a written contract with Plaintiff, nor received a legal assignment under Plaintiff's Contract." Dkt. 58 at page 35. Second, Plaintiff's pleading and the bankruptcy documents demonstrate that a court twice accepted Plaintiff's previous legal position that Santander was in fact a secured creditor with a lien against her vehicle. Plaintiff is judicially estopped from alleging that Santander was not the assignee of her contract.

Since Plaintiff's RICO claims, fraud claims, and negligent misrepresentation claims against Santander relate to Santander's representation as an assignee of the contract, Plaintiff is estopped from now arguing that Santander did not have such status. Plaintiff's claims against Santander should be dismissed.

Notwithstanding the foregoing, the Court believes that Plaintiff's claims of fraud and negligent misrepresentation (which appear to arise out of events in March 2010 wherein Santander Holding and Santander Consumer Holding "commissioned" Santander to send a letter to Plaintiff informing her that Santander had acquired her debt from HSBC Auto) would likely be barred by the respective statutes of limitations as Plaintiff failed to file suit until October of 2014.

*PRA*

PRA Defendants ask the Court to dismiss all claims against them - RICO claims and tort claims of conversion and trespass to chattel. PRA filed this motion on June 19, 2015. Plaintiff did not file a response to this motion. Failure to file a timely response to a motion in this District indicates that a party is not opposed to the relief requested. *See* E.D. TEX. L.R. CV–7(d) ("In the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition."); *see also Dunlap v. Denison Independent School Dist.*, 2010 WL 3522425, at *1 (E.D. Tex. 2010). Plaintiff filed responses to other Defendants' motions to

dismiss, indicating a familiarity with the necessity to respond to motions to dismiss. Dkts. 132, 134, 136. Therefore, the Court must assume that Plaintiff has no opposition to PRA Defendants' motion to dismiss, and hereby grants the motion to dismiss the action in its entirety as it relates to claims against the PRA Defendants.

## CONCLUSION

For these reasons, the Court finds that Beck & Masten Pontiac-GMC, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (**Dkt. 116**), Defendants Santander Consumer USA, Inc. Santander Consumer Holding USA, Inc. and Santander Holding USA, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (**Dkt. 118**), HSBC's Motion to Dismiss Plaintiff's Second Amended Complaint and Memorandum of Law in Support (**Dkt. 119**), and PRA Receivables Management, LLC and Portfolio Recovery Associates, LLC's Motion to Dismiss (**Dkt. 129**) should be **GRANTED**.

The only remaining claims in this case relate to Texas Recovery Bureau, Inc. Generally, where an appearing defending party establishes that a plaintiff has no cause of action the defense generally inures also to the benefit of a defaulting defendant. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001). Within 21 days of the date of this report and recommendation, Plaintiff shall file a notice with the Court setting forth, with factual allegations and supporting authority, why her claims against Texas Recovery Bureau, Inc. did not accrue when her other claims did and would not also be barred by the statute of limitations.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 2nd day of December, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE