# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JENNIFER K. ABBOTT-POPE | § | |
| | § | |
| v. | § | CASE NO. 4:14-CV-702 |
| | § | Judge Mazzant/Judge Bush |
| TEXAS RECOVERY BUREAU, INC., et al. | § | |

## MEMORANDUM ADOPTING IN PART
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 2, 2015, the report of the Magistrate Judge (Dkt. #160) was entered containing proposed findings of fact and recommendations that Defendants' Motions to Dismiss (Dkt. #116; Dkt. #118; Dkt. #119; Dkt. #129) be granted. Having received the report of the Magistrate Judge and having considered the filed objections (Dkt. #163; Dkt. #165) and responses, the Court is of the opinion that the recommendations of the Magistrate Judge are correct in part, and the motions to dismiss should be **GRANTED** in part and **DENIED** in part.

## BACKGROUND

On October 27, 2014, Jennifer K. Abbott-Pope ("Plaintiff") filed suit *pro se* in the Northern District of Texas (Dkt. #3). The case was transferred to the Eastern District of Texas on November 5, 2014 (Dkt. #9). On January 30, 2015, Plaintiff filed a First Amended Complaint (Dkt. #38), and on March 10, 2015, Plaintiff filed a Second Amended Complaint (Dkt. #58). Plaintiff asserted claims related to her purchase of a Pontiac GMC and issues related to financing and the contract to receive payments on the vehicle (the "Vehicle Contract") (Dkt. #58).

Plaintiff asserted claims against Beck & Masten Pontiac-GMC, Inc. ("Beck and Masten"); HSBC Finance Corporation and HSBC Auto Finance, Inc. (together, "HSBC"); PRA

Receivables Management, LLC as agent of Portfolio Recovery Associates, LLC and Portfolio Recovery Associates (together, "PRA"); Santander Consumer USA, Inc., Santander Holding USA, Inc., and Santander Consumer USA Holding Inc. (together, "Santander"); and Texas Recovery Bureau, Inc. ("Texas Recovery") (Dkt. #58).

Plaintiff filed multiple motions for default judgment, and the Magistrate Judge recommended that the motions be denied (Dkt. #117). No objections were filed, and the Court adopted the findings and ordered that the motions for default judgment were denied (Dkt. #138).

Beck and Masten filed a motion to dismiss on June 3, 2015 (Dkt. #116), Plaintiff responded on June 22, 2015 (Dkt. #132), and Beck and Masten replied on June 24, 2015 (Dkt. #131). Santander filed a motion to dismiss on June 8, 2015 (Dkt. #118), Plaintiff responded on June 26, 2015 (Dkt. #134), and Santander filed a reply on July 2, 2015 (Dkt. #137). HSBC filed a motion to dismiss on June 11, 2015 (Dkt. #119), and Plaintiff responded on June 30, 2015 (Dkt. #136). PRA filed a motion to dismiss on June 19, 2015 (Dkt. #129). Plaintiff did not file a response to PRA's motion.

On August 12, 2015, all discovery and pretrial matters were stayed pending the Court's consideration of the motions to dismiss, and the Court ordered that parties shall file no additional pleadings until further order or other leave of Court (Dkt. #144). On November 17, 2015, and November 20, 2015, Plaintiff filed motions for summary judgment without leave of Court (Dkt. #152; Dkt. #154; Dkt. #155). On November 20, 2015, and November 24, 2015, the Magistrate Judge ordered that the summary judgment motions should be stricken from the record and not considered (Dkt. #153; Dkt. #156). On November 30, 2015, Plaintiff filed motions for reconsideration of the orders striking the motions for summary judgment (Dkt. #157; Dkt. #158,

#159).  On December 10, 2015, Plaintiff filed a motion requesting that the Court amend the orders regarding summary judgment and grant permission to appeal (Dkt. #162).

On December 2, 2015, the Magistrate Judge issued a report and recommendation finding that the motions to dismiss should be granted, and ordering Plaintiff to set forth an explanation as to why claims against Texas Recovery Bureau should not be barred by the statute of limitations (Dkt. #160).  On December 14, 2015, Plaintiff filed objections to the report and recommendation (Dkt. #163).  On December 23, 2015, Santander filed a response to the objections (Dkt. #164).  Also, on December 23, 2015, Plaintiff filed a notice regarding claims against Texas Recovery (Dkt. #165).  On December 28, 2015, PRA filed a response to the objections (Dkt. #166), on January 7, 2016, Beck and Masten filed a response to the objections (Dkt. #167), and on August 2, 2016, HSBC filed a response to the objections (Dkt. #168).

**LEGAL STANDARDS**

Under the law, a party who files timely written objections to a magistrate judge's report and recommendation with respect to a dispositive motion is entitled to a de novo determination of those findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3).  Meanwhile, the Court's review of the magistrate judge's order on a non-dispositive motion is not reviewed de novo and instead is reviewed under a "clearly erroneous or contrary to law" standard.  Fed. R. Civ. P. 72(a)

**PLAINTIFF'S OBJECTIONS**

Plaintiff has objected to the Magistrate Judge's report and recommendation as to each defendant.

*Santander*

Plaintiff argues that RICO claims, fraud claims and negligent misrepresentation claims should not be dismissed. As a first issue, Plaintiff contends that she should not be estopped from alleging that Santander was not the assignee of her contract. The Court considers the following criteria in determining whether to apply judicial estoppel: whether (1) the party for whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party acted inadvertently. *See Love v. Tyson Foods, Inc.*, 677 F.3d 258, 261 (5th Cir. 2012). Plaintiff states that the Magistrate Judge has shown prejudice and abused discretion "by failing to address and balance the relevant principles and factors of this doctrine in his findings under Fifth Circuit precedence [sic]—and other viable law and secondary authorities—regarding dismissed bankruptcies (Dkt. #163 at p. 3). Applying the correct standard, the Court finds that the Magistrate Judge did not commit error in recommending dismissal of these Defendants. The Court will examine each of the factors.

1) <u>A position that is plainly inconsistent with a prior position</u>

Plaintiff claims that Santander is not an assignee of her Vehicle Contract (Dkt. #58, Exhibit 1 at p. 35). Plaintiff identified Santander as a secured creditor before the United States Bankruptcy Court (Dkt. #118, Exhibits A, B). Regardless of Plaintiff's contention that she "did not intentionally misled [sic] the bankruptcy court," these positions are inconsistent (Dkt. #163 at p. 4).

2) <u>A court accepted the prior position</u>

As the Magistrate Judge found, the Plaintiff identified Santander as a secured creditor in Plaintiff's Schedule Ds of her Chapter 13 bankruptcies, and the bankruptcy court subsequently

4

approved and confirmed the respective plans on December 20, 2011, and January 22, 2013 (Dkt. #118, Exhibits A, B).

    3)  <u>The previous statement was not inadvertent</u>

"[I]n considering judicial estoppel *for bankruptcy* cases, the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment." *In re Coastal Plains*, 179 F.3d 197, 210 (5th Cir. 1999). The Court finds no pleading asserting that Plaintiff has more information available to her now than she did when she made her disclosures to the bankruptcy court. Plaintiff now claims that Beck and Masten communicated to her that GMAC would finance her vehicle and would not assign her loan to HSBC (which in turn assigned the loan to Santander). Plaintiff cannot claim that she lacked knowledge of undisclosed claims, because her representation before the bankruptcy court runs counter to her alleged belief, rooted in communications that allegedly took place before her representations to the bankruptcy court, that Beck and Masten could not assign her loan. As such, at the time of the bankruptcy disclosures, Plaintiff knew, or should have known, about potential claims related to the assignment of her loan. Further, Plaintiff has a clear motive for concealment, that of avoiding repossession for a failure to make payments.

As such, the Court finds that all claims relating to assertions that Santander is not an assignee of the contract should be dismissed.

Moreover, to assuage Plaintiff's feelings that her claims should survive the Magistrate Judge's "abuse of discretion," even if Plaintiff were not estopped from making claims counter to previous representations, the Court notes that Plaintiff's RICO claims and claim of fraud were

5

supported by conclusory allegations without the support of facts or explanations, and could, alternatively, be dismissed as not plausible.

*Beck and Masten and the HSBC Companies*

Plaintiff further argues that the Magistrate Judge has shown prejudice and abused discretion in regards to the recommendation to dismiss claims against Beck and Masten and the HSBC Companies.

The Magistrate Judge recommended dismissal based upon statute of limitations. Based upon the record of this case, the Court sustains Plaintiff's objections to the extent that the motions to dismiss should be denied and the case should proceed to a summary judgment. The Court is not comfortable dismissing the case on statute of limitations at the Rule 12(b)(6) stage, based upon Plaintiff's pleadings.

*PRA*

Plaintiff objects to the Magistrate Judge's recommendation that the Court dismiss all claims against the PRA Defendants. On June 19, 2015, the PRA Defendants filed a motion to dismiss all claims against them, namely RICO claims and tort claims of conversion and trespass to chattel (Dkt. #129). Plaintiff failed to respond to this motion. As the Magistrate Judge noted, failure to timely respond to a motion in this District indicates that a party is not opposed to the relief requested. *See* E.D. TEX. L.R. CV–7(d) ("In the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition."); *see also Dunlap v. Denison Independent School Dist.*, 2010 WL 3522425, at *1 (E.D. Tex. 2010). As the Magistrate Judge correctly noted, Plaintiff filed responses to other Defendants' motions to dismiss, indicating a familiarity with the process of responding to motions. Furthermore, the Magistrate Judge had, early in this case, clearly highlighted to Plaintiff that if she failed to file a

response in opposition to a defendant's motion to dismiss, the Court would assume that Plaintiff "is not opposed to the relief requested and will proceed accordingly" (Dkt. #55).

Although Plaintiff should have filed a response after being warned by the Magistrate Judge, the Court will not typically grant a motion to dismiss based only the basis of default, but would also make the determination of whether Plaintiff has stated plausible claims. Thus, the Court rejects the Magistrate Judge's finding as to the PRA Defendants and denies the motion to dismiss. Upon further consideration, the Magistrate Judge can determine whether to allow the PRA Defendants to file a new motion to dismiss or proceed to a motion for summary judgment.

## CONCLUSION

Having received the report of the United States Magistrate Judge (Dkt. #160), having considered each of Plaintiff's timely filed objections (Dkts. #163, #165), and having conducted a de novo review, the Court hereby adopts the recommendation of the Magistrate Judge that the claims against the Santander Defendants should be dismissed. All other motions to dismiss are denied.

It is, therefore, **ORDERED** that Defendants Santander Consumer USA, Inc., Santander Consumer Holding USA, Inc. and Santander Holding USA, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #118) is hereby **GRANTED** and the Santander Defendants are hereby **DISMISSED** with prejudice.

It is further **ORDERED** that Defendants' Motions to Dismiss (Dkt. #116; Dkt. #119; and Dkt. #129) are hereby **DENIED.**

It is further ORDERED that Plaintiff's motions for reconsideration and for permission to

appeal regarding her motions for summary judgment (Dkt. #157, #158, #159, #162) are hereby

**DENIED AS MOOT**.

    **IT IS SO ORDERED.**

  **SIGNED this 5th day of August, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE