# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **JENNIFER K. ABBOTT-POPE,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:14-CV-702 |
| **TEXAS RECOVERY BUREAU, INC, HSBC FINANCIAL CORPORATION, PRA RECEIVABLES MANAGEMENT, LLC, as agent of PORTFOLIO RECOVERY ASSOCIATES, LLC, and BECK & MASTEN PONTIAC. INC.,** | § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636. On February 2, 2017, the report of the Magistrate Judge (Dkt. #225) was entered containing proposed findings of fact and recommendations that Defendants Beck & Masten Pontiac-GMC, Inc.'s Motion for Summary Judgment (Dkt. #177), HSBC's Motion for Summary Judgment on Limitations (Dkt. #198), and Defendants PRA Receivables Management, LLC and Portfolio Recovery Associates, LLC's Motion for Summary Judgment (Dkt. #214) be granted. The Magistrate Judge recommended Plaintiff's claims against Beck & Masten Pontiac-GMC, Inc.; HSBC Finance Corporation and HSBC Auto Finance, Inc.; PRA Receivables Management, LLC as agent of Portfolio Recovery Associates, LLC and Portfolio Recovery Associates be dismissed (Dkt. #225).

BACKGROUND

On October 27, 2014, Jennifer K. Abbott-Pope ("Plaintiff") filed suit *pro se* in the Northern District of Texas (Dkt. #3). The case was transferred to the Eastern District of Texas on November 5, 2014 (Dkt. #9). On January 30, 2015, Plaintiff filed a First Amended Complaint (Dkt. #38), and on March 10, 2015, Plaintiff filed a Second Amended Complaint (Dkt. #58).

Plaintiff asserted claims related to her purchase of a Pontiac GMC and issues related to financing and the contract to receive payments on the vehicle (the "Vehicle Contract") (Dkt. #58). Plaintiff asserted claims against Beck & Masten Pontiac-GMC, Inc. ("Beck & Masten"); HSBC Finance Corporation and HSBC Auto Finance, Inc. (together, "HSBC"); PRA Receivables Management, LLC as agent of Portfolio Recovery Associates, LLC and Portfolio Recovery Associates (together, "PRA Defendants"); Santander Consumer USA, Inc., Santander Holding USA, Inc., and Santander Consumer USA Holding Inc. (together, "Santander"); and Texas Recovery Bureau, Inc. ("Texas Recovery") (collectively, "Defendants") (Dkt. #58).

On August 5, 2016, the District Court dismissed the Santander Defendants (Dkt. #169). On October 7, 2016, HSBC filed a Motion for Summary Judgment on Limitations (Dkt. #198). On October 27, 2016, Plaintiff filed a response (Dkt. #208). On November 1, 2016, HSBC filed a reply (Dkt. #209).

On August 30, 2016, Beck & Masten filed a Motion for Summary Judgment (Dkt. #177). On September 19, 2016, Plaintiff filed a response (Dkt. #192). On September 26, 2016, Beck & Masten filed a reply (Dkt. #194).

On November 10, 2016, PRA Defendants filed a Motion for Summary Judgment (Dkt. #214). On December 6, 2016, Plaintiff filed a response (Dkt. #215). On December 12, 2016, PRA Defendants filed a reply (Dkt. #216).

On February 2, 2017, the Magistrate Judge issued the Report and Recommendation before the Court (Dkt. #225). Plaintiff filed objections to the report on February 21, 2017 (Dkt. #228). The Court has made a de novo review of the objections raised by Plaintiff and is of the opinion that the findings and conclusions in the Report and Recommendation are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge.

ANALYSIS

Plaintiff argues she did not give her expressed consent to "any form for a *sua sponte* amendment on behalf of Beck and Masten, HSBC Companies and Portfolio Companies" and "did not receive actual notice of a planned *sua sponte* amendment prior to filling the Findings." (Dkt. #228 at p. 5). Plaintiff's objections reflect a confusion regarding the Magistrate Judge's role in this case. This case was referred to the Magistrate Judge pursuant to 28 U.S.C. §636 (Dkt. #10). On November 24, 2014, Plaintiff filed *ex parte* a form of Consent to Jurisdiction of Magistrate Judge (Dkt. #11). None of Defendants have given consent to proceed before the Magistrate Judge. Thus, the Magistrate Judge's authority in this matter stems, not from consent, but from referral by the Court to handle pretrial matters in this case. Accordingly, the Magistrate Judge in this case issues report and recommendations to the Court on all dispositive motions.

Plaintiff argues she did not "receive action notice of *sua sponte* and did not receive the opportunity to cure surprise and did not give an expressed or implied consent to try unpled issues" (Dkt. #228 at p. 10). The Magistrate Judge did not issue its Report and Recommendation (Dkt. #225) *sua sponte*, meaning "on its own accord." On October 7, 2016, HSBC filed a Motion for Summary Judgment on Limitations (Dkt. #198). On August 30, 2016, Beck & Masten filed a Motion for Summary Judgment (Dkt. #177). On November 10, 2016, PRA

Defendants filed a Motion for Summary Judgment (Dkt. #214). The Magistrate Judge's Report and Recommendation addresses the substance of these motions.

Plaintiff contends neither Beck & Masten nor HSBC established an accrual date in order to prove a statute of limitations defense (Dkt. #228 at p. 11). The Court disagrees. Defendants presented evidence of an accrual date of July 2008, at the latest. Defendants submitted a motor vehicle retail installment sales contract signed on June 4, 2008, memorializing Plaintiff's purchase of a 2006 Pontiac Grand Prix (the "Vehicle") (Dkt. #145, Ex. 1; Dkt. #177, Ex. 1). Evidence included a signed Application for Texas Certificate of Title and a signed GAP Application and Declarations Page (Dkt. #177, Ex. 1 at pp. 9-11). Additionally, Plaintiff notes in her Second Amended Complaint that "[o]n June 04, 2008, Plaintiff and Beck & Masten entered into a Contract for in-house GMAC auto financing for a 2006 Pontiac Grand Prix, used car, VIN# . . . for the Plaintiff's personal, family or household use." (Dkt. #58 at p. 23). The Contract lists "HSBC" as an assignee (Dkt. #177, Ex. 1).

Plaintiff alleges that she received a letter from HSBC stating that Beck & Masten had assigned her Contract to HSBC and directed her to make payments to HSBC (Dkt. #58 at pp. 15, 23-24). She contends she contacted Beck & Masten in June of 2008, regarding the letter and that Beck & Masten directed her to contact HSBC for account inquiries, but would not discuss the validity of the assignment (Dkt. #58 at p. 15). Plaintiff notes she was told by Beck & Masten that it had the right to sell the Contract at any point due to the language of the Contract (Dkt. #192 at pp. 2-3). The Court, therefore, finds that Defendants did not fail to establish an accrual date for the purposes of asserting that Plaintiff's claims should be barred by the applicable statute of limitations.

Plaintiff argues the Contract is not enforceable and that the Magistrate Judge determined that it was valid *sua sponte* without interpretation (Dkt. #228 at p. 16). The Magistrate Judge reflected the submissions and arguments of the parties. Concerning claims against Beck & Masten and HSBC, the issue before the Court is whether they are barred by the relevant statute of limitations, not the validity of the Contract.

Plaintiff fails to present evidence to challenge the PRA Defendants' summary judgment assertions (Dkt. #215). Plaintiff argues she was not required to come forward with evidence because the PRA Defendants did not demonstrate there is no genuine issue of material fact and an entitlement to summary judgment (Dkt. #228 at p. 18). Plaintiff further asserts that the Magistrate Judge cannot arbitrarily conclude, without demonstrating how, the submitted evidence, particularly the Contract, is valid (Dkt. #228 at p. 20). Plaintiff did not present any evidence to demonstrate that the Contract was not valid or authentic, nor any legal argument questioning the validity of the Contract (Dkt. #215). The Court agrees with the Magistrate Judge that the PRA Defendants adequately raised challenges to Plaintiff's RICO, conversion, and trespass to chattel claims, presenting evidence that merely demonstrates the lawful passage of and collection on Plaintiff's debt associated with the purchase of the Vehicle (Dkt. #214, Ex. 1 at pp. 8-13; Ex. 3).

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of Plaintiff's timely filed objections (Dkt. #228), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #225) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Beck & Masten Pontiac-GMC, Inc.'s Motion for Summary Judgment (Dkt. #177), HSBC's Motion for Summary Judgment on Limitations (Dkt. #198), and Defendants PRA Receivables Management, LLC and Portfolio Recovery Associates, LLC's Motion for Summary Judgment (Dkt. #214) are **GRANTED**. All claims pending against Beck & Masten Pontiac-GMC, Inc.; HSBC Finance Corporation and HSBC Auto Finance, Inc.; PRA Receivables Management, LLC as agent of Portfolio Recovery Associates, LLC and Portfolio Recovery Associates are, therefore, dismissed with prejudice.

Plaintiff's Motions for Nil Dicit Default Judgment against HSBC Auto Finance, Inc. and HSBC Finance Corporation (Dkt. #200), Portfolio Recovery Associates, LLC and PRA Receivables Management, LLC (Dkt. #201), and Beck & Masten Pontiac GMC, Inc. (Dkt. #203) are **DENIED** as moot.

**IT IS SO ORDERED.**

**SIGNED this 12th day of April, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE